UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WILLIE R. RICHARDSON,

         Petitioner,

                                           CASE NO. 1:12-CV-112

v.

                                           HON. ROBERT J. JONKER

UNITED STATES OF AMERICA,

         Respondent.

_____/

## OPINION AND ORDER

      This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (docket # 1). The Court has carefully reviewed Petitioner's motion and determined that neither a government response nor an evidentiary hearing is necessary to the resolution of this case. *See* Rule 8, RULES GOVERNING 2255 CASES; *see also Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (holding that an evidentiary hearing is not required when the record conclusively shows that the petitioner is not entitled to relief).

## BACKGROUND

      A superseding indictment charged Petitioner with conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base (crack cocaine), a Schedule II controlled substance under 21 U.S.C. § 846, § 841(a), and 841(b)(1)(B)(iii). (Case No.1:08-cr-65, at docket # 42.) A four-day trial ensued. Petitioner elected to testify at trial. Among other things, Petitioner described traveling to Detroit with his co-defendant and procuring heroin and cocaine for resale. Petitioner described traveling to his

girlfriend's trailer with his co-defendant and allowing co-defendant into the trailer to cook cocaine into crack in Petitioner's presence. (Case No.1:08-cr-65, at docket # 140.) Petitioner testified that he sold heroin primarily and sold crack occasionally. (*Id.*) The jury unanimously found Petitioner guilty of the crime with which he was charged. (Case No.1:08-cr-65, docket # 122.) The Court sentenced Petitioner on April 24, 2009. Petitioner appealed his conviction. Among other things, he argued that he was denied an impartial jury drawn from a fair cross-section of the community in violation of the Sixth Amendment and Jury Selection and Service Act of 1968 ("JSSA"). (Case No.1:08-cr-65, at docket # 1.) The Sixth Circuit affirmed the conviction, ruling that "because defendants raised their objection [to the jury composition] . . . after the jury had been sworn in, their claims under the JSSA [were] time-barred," and that cause and actual prejudice did not exist to excuse this waiver. (*Id.*)

In his 2255 motion, Petitioner challenges several aspects of both his conviction and his sentence. First, he asserts that it was the duty of the jury, not the Court, to determine the drug quantity actually attributed to him at sentencing. Second, he claims that his counsel provided ineffective assistance at both the trial and appellate levels. Third, he argues that the evidence presented at trial was insufficient to support the guilty verdict against him. Finally, he mounts a general challenge to his sentence.

**LEGAL STANDARD**

A federal prisoner may challenge his sentence by filing in the district court where he was sentenced a motion under 28 U.S.C. § 2255. A valid section 2255 motion requires a petitioner to show that "the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the

maximum authorized by law or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a). Section 2255 affords relief for a claimed constitutional error only when the error had a substantial and injurious effect or influence on the proceedings.  *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).  Non-constitutional errors generally are outside the scope of section 2255 relief, and they should afford collateral relief only when they create a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process."  *Id.* (internal quotation marks omitted).  Petitioner has identified no such error.

## ANALYSIS

1.    *Drug Quantity*

Petitioner's claim that it was the duty of the jury, not the judge, to determine the drug quantity attributable to him as relevant conduct for sentencing purposes is mistaken.  The threshold amount of crack cocaine attributable to the conspiracy is a question for the jury.  Here, the jury found beyond a reasonable doubt that 50 grams or more of crack cocaine was involved in the conspiracy (Case No.1:08-cr-65, at docket # 122), which was the threshold at the time sufficient to trigger a statutory penalty range of ten years minimum to a maximum of life in prison.  But sentencing within the authorized statutory range of ten years to life involves a separate inquiry.  To calculate the base offense level for purposes of sentencing, the court "considers the quantities of drugs that were 'part of the same course of conduct or common scheme or plan.'"  *U.S. v. Gibbs*, 182 F.3d 408, 440 (6th Cir. 1999).  "The government bears the burden of proving the quantity of drugs chargeable to a defendant for sentencing purposes by a preponderance of the evidence."  *Id.* (quotation omitted). Here, the Court found that the evidence "amply supports conspiracy involving at least 500 grams of crack cocaine," and noted that the Court's "own review of the presentence report struck [the Court]

as being quite conservative in calculating the overall quantities attributable to the conspiracy." (Case No.1:08-cr-65, at docket # 174.)  The jury verdict, including its quantity determination, opened an authorized statutory sentencing range of ten years to life, and the Court's final sentence was within that range.  Petitioner's argument that the Court's use at sentencing of facts the Court found by a preponderance of the evidence concerning drug quantities therefore fails.  *See U.S. v. Zidell*, 323 F.3d 412, 428 (6th Cir. 2003) ("[I]t does not matter whether . . . the term of imprisonment  imposed . . . reflects further drug quantity findings at sentencing by a preponderance of the evidence. . . . that triggered an enhanced Sentencing Guideline range. . . . . *Apprendi* permits such a procedure at sentencing, so long as the resulting sentence does not exceed the statutory maximum established through the jury verdict alone.").

> 2.    *Ineffective Assistance*

Normally, to establish a claim of ineffective assistance, a criminal defendant must show deficient performance and actual prejudice.  *Strickland v. Washington*, 466 U.S. 688, 687 (1984); *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000).  A district court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct, and judicial scrutiny of counsel's performance must be highly deferential." *Flores-Ortega*, 528 U.S. at 477.  Counsel must be "a reasonably competent attorney" and give "reasonable effective assistance." *Strickland*, 466 U.S. 687.  Petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*  Actual prejudice means "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694.

Petitioner has not established a claim of ineffective assistance, because he has not shown either deficient performance or actual prejudice. Petitioner argues that his counsel provided ineffective assistance at trial by failing to raise a timely objection to the composition of the jury venire; at sentencing by failing to persuade the Court that sentencing enhancements for possession of an AK-47 and for a leadership role were not warranted; and on appeal by failing to raise various issues Petitioner wanted counsel to argue. None of Petitioner's arguments persuade the Court of either deficient performance or actual prejudice. The Court of Appeals already effectively disposed of the jury venire issue by affirming Petitioner's conviction. Though the Court of Appeals relied on a waiver theory regarding the jury issue, this Court had found in the alternative that there was no showing of systematic exclusion of minority jurors in any event.

As to the other issues, overwhelming evidence supported both the guilty verdict against Petitioner and the sentencing enhancements. This evidence included non-party witness testimony and physical evidence. But critically, Petitioner's own testimony practically compelled conviction. While on the witness stand, Petitioner acknowledged and detailed his involvement in the conspiracy with which he was charged, explaining that he sold heroin primarily and crack cocaine occasionally.[1] As for the sentencing enhancements, the Court described on the record at the sentencing hearing the evidence supporting the sentencing enhancements both for possession of the AK-47 and a leadership role. (Appeal Tr., docket # 174, pp. 16-17, 19-21.) On appeal, Petitioner's counsel was not required to advance every argument Petitioner wanted him to pursue. It was a reasonable strategy for counsel

---

[1]Indeed, Petitioner's own testimony was so damaging that the Court decided not to apply an obstruction enhancement at sentencing despite a legitimate basis to conclude that Petitioner perjured himself in some respects during his testimony. (Case No.1:08-cr-65, at docket # 174, 23-28.) Petitioner was apparently under the mistaken impression that he could beat the crack cocaine conspiracy charge if he claimed his primary focus was heroin, not crack.

to focus on the claim he wanted to highlight and not to press arguments he considered less likely to succeed and which risked detracting from his principal claim. There is no basis to conclude that counsel's decision-making was deficient, or that the outcome of the proceedings would have been different but for the alleged errors of Petitioner's counsel. Petitioner's claim of ineffective assistance of counsel therefore fails.

### 3. *Sufficiency of Evidence*

To determine whether there is sufficient evidence to support a conviction, courts must consider whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *U.S. v. Martinez*, 588 F.3d 301, 314 (6th Cir. 2009) (quotation omitted). It is beyond dispute that sufficient evidence supported the guilty verdict against Petitioner. As already noted, the extensive inculpatory evidence presented at trial included Petitioner's own testimony acknowledging and detailing his involvement in the conspiracy with which he was charged. Petitioner's contention that there was insufficient evidence to support the guilty verdict fails.

### 4. *Propriety of Sentence*

Petitioner raises a general challenge to his sentence, in essence claiming that the Court failed to follow the sentencing process delineated in 18 U.S.C. § 3553. This general challenge lacks merit. There was no failure to follow the process the statute provides, as the transcript of the sentencing hearing demonstrates. (Case No.1:08-cr-65, at docket # 174.) To the extent Petitioner is asserting that the evidence the Court considered at sentencing was insufficient to support the sentence the Court imposed, the contention fails. As already noted, ample evidence, which the Court described in detail during Petitioner's sentencing hearing, supports the sentence imposed.

**Conclusion**

For these reasons, the Court concludes that Petitioner is not entitled to the relief he seeks.

Before Petitioner may appeal the Court's dismissal of his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); FED. R. APP. P. 22(b)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. FED. R. APP. P. 22(b); *see also Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002). Thus the Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); FED. R. APP. P. 22(b)(1); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the required "substantial showing," the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court does not believe that reasonable jurists would find the Court's assessment of the claim Petitioner raised debatable or wrong.

**ACCORDINGLY, IT IS ORDERED**:

Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (docket # 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's request for a certificate of appealability is **DENIED**.

Dated:     April 19, 2013              /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE